**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LAUREN MORROW,<br>Defendant. | **ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 1:26-cr-31-2<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered the Defendant's stipulated motion to continue jury trial, the court hereby finds as follows:

The Defendant, Lauren Morrow, appeared in court for her arraignment on the indictment in this matter on June 11, 2026. *See* Dkt. No. 22. The court scheduled a trial for August 18, 2026, within the 70-day time period. *See id*.

The Defendant seeks a 90-day continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7). *See* Dkt. No. 47. The Defendant is not in custody. Counsel for the Government stipulates to the requested continuance. There is one co-defendant, Jennifer Joma, who supports and joins the motion. *See* Dkt. No. 49.

Defense counsel represents that he received discovery on June 16, 2026, and needs additional time to review the discovery, engage in plea negotiations, and consider any offers the Government might provide. If the negotiations are not successful, counsel for both parties will of course need additional time to prepare for trial.

Based on the foregoing, the court finds that failure to grant a continuance would "result in a miscarriage of justice" and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i),

(iv). The court further finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7). Accordingly, the court finds that the facts support a continuance of the trial date in this matter, and good cause for excluding time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from August 18, 2026, to December 7, 2026.

2. The time period from July 10, 2026, to December 7, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 4th day of August, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge